# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; LUCASFILM LTD. LLC; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS. ENTERTAINMENT INC.; MVL FILM FINANCE LLC; NEW LINE PRODUCTIONS, INC.; and TURNER ENTERTAINMENT CO., <br><br> Petitioners, <br><br> vs. <br><br> VIDANGEL, INC., <br><br> Defendant, | **MEMORANDUM DECISION AND ORDER GRANTING PETITIONERS' MOTIONS TO COMPEL IN PART** <br><br> Case No. 2:19-mc-00122 <br><br> Judge Clark Waddoups |

Before the court are four Motions to Compel Responses to subpoenas issued in *Disney Enterprises, Inc. et al. v. VidAngel, Inc.*, No. 2:16-cv-04109-AB (C.D. Cal.) (the "California Case").[1] For the reasons stated below, the court fully grants one of the motions, and grants three motions in part.

## Background

On October 6, 2017, Plaintiffs in the California Case filed their First Amended Complaint. (2:16-cv-4109, C.D. Cal., ECF No. 228.) Plaintiffs in the California Case allege that VidAngel "violat[ed] copyright law and Plaintiffs' rights" by copying and streaming Plaintiffs' copyrighted works. (*See* 2:16-cv-4109, C.D. Cal., ECF No. 228 at 12.) Plaintiffs in the

---

[1] The four motions are ECF Nos. 2, 3, 4, and 5.

1

California Case argue that they are "entitled to statutory damages" for "VidAngel's willful infringement . . ." (*See* 2:16-cv-4109, C.D. Cal., ECF No. 228 at 19.) Courts consider certain factors in determining "what is a just amount of statutory damages in the copyright infringement context," including "the expenses saved and the profits reaped," "the revenues lost by the plaintiff," and "whether the defendant's conduct was innocent or willful." *Prod. Partners, LLC v. Aucoin*, No. CV 09-7504-GHK (RCX), 2011 WL 13190160, at *2 n. 2 (C.D. Cal. Jan. 12, 2011).

On January 23, 2019, four subpoenas relevant to the instant dispute were issued on four non-parties—(1) Dalton Wright, (2) Bill Aho, (3) Paul Ahlstrom, and (4) Harmon Ventures LLC. (*See* ECF Nos. 18-1 at 2; 17-1 at 2; 19-1 at 2; and 20-1 at 2.) The subpoenas seek documents that Petitioners argue are relevant to their claims for statutory damages in the California Case.

On February 11 and February 13, 2019, Mr. Wright, Mr. Aho, and Harmon Ventures LLC, through their attorney David W. Quinto, submitted responses and objections to the subpoenas. (*See* ECF Nos. 2-1 at 7; 3-1 at 7; and 5-1 at 9.) Mr. Ahlstrom did not submit "any objections or response to the subpoena." (ECF No. 4 at 3.) None of the four non-parties have produced any document in response to the subpoenas. (*See* ECF Nos. 2 at 4; 3 at 4; 4 at 3; and 5 at 4.)

On February 22, 2019, Petitioners filed four Motions to Compel Responses to the subpoenas issued in the California Case. On February 25, 2019 the Petitioners paid their filing fee, and the filing date of the case was changed to 2/25/2019. (ECF No. 6.) On March 4, 2019, Mr. Wright, Mr. Aho, Harmon Ventures, and Paul Ahlstrom, through their attorney, Jay Morgan Philpot, filed Responses in Opposition and Counter Motions to Quash. (ECF Nos. 11–14.) On March 6, 2019, Petitioners filed Replies. (ECF Nos. 17–20.)

Analysis

"Pursuant to Fed. R. Civ. P. 45, nonparties to litigation may be served a subpoena commanding them to produce designated documents, electronically stored information, or tangible things in their possession, custody, or control." *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 1942163, at *1 (N.D. Cal. May 9, 2013) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." *See* Fed.R.Civ.P. 45, Advisory Committee Notes (1970). Rule 34(a) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b) provides that [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . . and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). "Relevance under Rule 26(b) is broadly defined, 'although it is not without ultimate and necessary boundaries.'" *Apple, Inc*, 2013 WL 1942163 at *1. (citation omitted).

Timeliness

In each of their Responses, the four non-party Respondents argue that "[t]he subpoenas [were] untimely under the active scheduling order in the Central District of California, because it was not served sufficiently in advance of the March 18, 2019 fact discovery cut-off." (*See* ECF Nos. 11, 12, 13, and 14.) The Respondents further argue that the "California court effectively decided this issue on March 4 when it entered two similar orders confirming that Plaintiffs' similarly timed discovery actions have been dilatory, untimely and outside the provision of the scheduling order." (ECF *id*.) In their Replies, Petitioners argue that the subpoenas "were issued on January 23, 2019, well before the discovery cutoff on March 18, 2019" and argue that their

Motions only involve "a small number of issues and limited responses," which Magistrate Judge Abrams would allow at this point. (ECF No. 18 at 2.) The court agrees with Petitioners that because the subpoenas were issued almost two months before the fact discovery cut-off, they are not untimely.

<u>Validity</u>

The Respondents argue that the subpoenas are invalid under DUCivR 37-1(a)(9) because they were not served with a copy of the local rule and are invalid under Federal Rules of Civil Procedure, Rule 45(c)(2)(A) because they require compliance outside the 100 miles allowed. (*See* ECF Nos. 11, 12, 13, and 14.) Petitioners argue that the failure to include a copy of the local rule alongside their motions to compel does not warrant denial of Plaintiffs Motion. (*See* ECF No. 17 at 2 (citing *Ellis-Hall Consultants, LLC v. Hoffman*, 2018 WL 4215114, at *2 (D. Utah Sept. 4, 2018).) The court agrees with Petitioners and declines to deny Defendants' Motion based on this technical failure.

Petitioners also argue that "nothing in the subpoena mandates compliance in California" and argue that "courts in this Circuit have repeatedly held that where, as here, a subpoena requires 'only production of documents, there is no violation of the 100-mile limitation of Rule 45.'" (ECF No. 17 at 3.) The court agrees with Petitioners that the subpoenas do not violate Federal Rules of Civil Procedure, Rule 45(c)(2)(A).

<u>Dalton Wright</u>

In their January 23, 2019 subpoena to Dalton Wright, Petitioners made four requests for production:

1. "All documents or communications regarding VidAngel or the Vidangel Service."

2. "All documents or communications related to any revenue, income, or profits You have received directly or indirectly from VidAngel."
3. "All documents or communications related to any payments or investments You have made directly or indirectly to VidAngel or expenditures You have made directly or indirectly on VidAngel's behalf."
4. "All documents relating to VidAngel's plans, strategy, or attempts to obtain licenses to stream copyrighted content from any Studio, including but not limited to Plaintiffs."

(ECF No. 18-1 at 7.)

In the California Case, Plaintiffs claim that VidAngel's "infringement is willful" and seek statutory damages. (ECF No. 2 at 2.) In their Motion to Compel, Petitioners argue that they "seek two categories of documents from Wright" that they argue "directly relate to statutory damages:" "Documents regarding VidAngel's revenue, income, payment history, investments, and expenditures" and "[c]ommunications between Wright and VidAngel related to VidAngel's streaming service, as well as documents regarding VidAngel's attempt to obtain copyright licenses, which relates to 'whether the defendant's conduct was innocent or willful.'" (ECF No. 2 at 2–3.)

Mr. Wright argues that Petitioners' request is an overbroad "impermissible fishing expedition." (ECF No. 11 at 2.) He argues that Petitioners' first request is overbroad because it "is not targeted at 'expenses saved' or 'profits reaped.'" (ECF No. 11 at 2.) Mr. Wright also appears to argue that much of the information that Petitioners seek in their second request for production is publicly available "by virtue of VidAngel's SEC filings and disclosures made to the Utah Bankruptcy Court." (ECF No. 11 at 2.) Regarding Petitioner's third request, Mr. Wright

argues that "[t]here is no basis to invade Mr. Wright's privacy in his personal financial affairs" and argues that "responsive documents would not show" VidAngel's expense or profits. (ECF No. 11 at 2.) Finally, Mr. Wright argues that because Petitioners' fourth request "is unlimited to time, it . . . encompasses matters beyond the scope of the pending litigation." (ECF No. 3 at 11.)

In their Reply to Paul Ahlstrom's Response, Petitioners respond to the argument that much of the information that Petitioners seek in their second request for production is publicly available. (*See* ECF No. 18.) Petitioners note "that their request to Mr. Ahlstrom and Mr. Wright are broader than mere 'payments to board members,' which Mr. Ahlstrom contends are public record." (ECF No. 19 at 2.) Petitioners argue that their requests "include matters that are not in the public record that relate to the profits reaped by VidAngel." (*See* ECF No. 19 at 2.) Regarding Mr. Wright's objection to their third request for production, Petitioners argue that "Mr. Wright's privacy objections are resolved by the existence of a stipulated protective order in the underlying case." (ECF No. 18 at 2.) Petitioners argue that their fourth request "relates to whether VidAngel's copyright infringement was willful." (ECF No. 18 at 2.)

The court agrees with Petitioners that the documents they seek are relevant to their claim of infringement. The court also agrees that Mr. Wright's privacy objections are resolved by the existence of the stipulated protective order in the California Case. But "the court must limit the extent of discovery if it determines that:" "the discovery . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The court therefore GRANTS Petitioners' Motion (ECF No. 2) in part. The court orders Mr. Wright to produce all documents that are responsive to the subpoena issued on January 23, 2019 with one limitation—Mr. Wright need not produce any document that is

publicly available "by virtue of VidAngel's SEC filings and disclosures made to the Utah Bankruptcy Court." (ECF No. 11 at 2.)

William Aho

In their January 23, 2019 subpoena to William Aho, Petitioners made five requests for production:

1. "Any and all communications between You and Harmon Brothers."

2. "Any and all communications between you and VidAngel."

3. "Documents sufficient to show any and all payments and/or compensation of any kind made to you by VidAngel."

4. "Documents sufficient to show any and all payments and/or compensation of any kind made to Protect Family Rights by VidAngel."

5. All documents or communications related to any payments or investments you have made to VidAngel or expenditures you have made on VidAngel's behalf."

(ECF No. 17-1 at 7.)

Petitioners "seek two categories of information from Aho." (ECF No. 3 at 2.) "First, [they] seek to discover information regarding Aho's relationship to VidAngel." (ECF No. 3 at 2.) Petitioners explain that VidAngel "has identified Aho as a witness for trial." (ECF No. 3 at 2.) Second, they "seek communications between Aho and VidAngel related to VidAngel's streaming service, which" Petitioners argue relates to whether VidAngel's conduct was innocent or willful." (ECF No. 3 at 3.)

Mr. Aho argues that his communications with Harmon Brothers LLC "are irrelevant to the amount of statutory damages." (ECF No. 12 at 2.) Mr. Aho also makes various arguments regarding the second, third, fourth, and fifth request for production. (*See* ECF No. 12 at 2.)

In Reply, Petitioners argue that "[d]ocuments regarding Mr. Aho's communications with and payments from VidAngel" are relevant to his credibility as a witness and are necessary for effective impeachment. (*See* ECF No. 17 at 3.) But in their Reply in Support of Their Motion to Compel Bill Aho's Response to the California Subpoena, Petitioners do not address Mr. Aho's argument regarding communications with Harmon Brothers, LLC. (*See* ECF No. 17 at 3.) The court notes that Petitioners' Motion to Compel Harmon Brothers, LLC's Response to the Subpoena, (ECF No. 9) is currently pending before the court and no response has yet been filed. The court at this time therefore declines to rule on issues relating to Harmon Brothers, LLC.

The court agrees with Petitioners that the documents it seeks relating to communications and payments between VidAngel and Mr. Aho are relevant to his credibility as a witness. The court orders Mr. Aho to produce all documents that are responsive to the January 23, 2019 subpoena's requests for production Nos. 2, 3, 4, and 5. (*See* ECF No. 17-1 at 7.) Mr. Aho need not respond to the first request for production relating to his communication with Harmon Brothers at this time, however.

Paul Ahlstrom

In their January 23, 2019 subpoena to Paul Ahlstrom, Petitioners made the same four requests for production that they made to Dalton Wright. (*Compare* ECF No. 19-1 at 7 *with* 18-1 at 7.) Petitioners argue that "the appropriateness of" their requests for production from Mr. Wright "apply equally to Mr. Ahlstrom." (ECF No. 19 at 2.) In his Response in Opposition and

8

Counter Motion to Quash, Mr. Ahlstrom "denies that" any service of the subpoena "took place," "and states that he was never personally served with the subpoena duces tecum and is prepared to testif[y] of the same." (ECF No. 14 at 2.) Mr. Ahlstrom "join[ed] and incorporat[ed] . . . by reference, the response in opposition and counter-motion-filed by Dalton Wright." (ECF No. 14 at 3.)

Regarding service, Petitioners argue that "it is clear Mr. Ahlstrom received a copy of the subpoena and motion to compel." (*See* ECF No. 19 at 3 (citing *Ellis-Hall Consultants, LLC v. Hoffmann*, No. 2:12-CV-00771, 2018 WL 4215114, at *3 (D. Utah Sept. 4, 2018).) The court agrees with the reasoning of *Ellis-Hall*. Given the response that Mr. Ahlstrom filed, it is clear that he received the subpoena.

The court GRANTS Petitioners' Motion, (ECF No. 4) in part. The court orders Mr. Ahlstrom to produce all documents that are responsive to the subpoena issued on January 23, 2019 with one limitation—Mr. Ahlstrom need not produce any document that is publicly available "by virtue of VidAngel's SEC filings and disclosures made to the Utah Bankruptcy Court." (ECF No. 11 at 2.)

<u>Harmon Ventures LLC</u>

In their January 23, 2019 subpoena to Harmon Ventures, LLC, Petitioners made nine requests for production:

1. "Documents sufficient to show the ownership interest of any of the following persons in Harmon Ventures: Neal Harmon; Jeffrey Harmon; any relative of Neal or Jeffrey Harmon; any entity owned in whole or in party by Neal or Jeffrey Harmon; and/or any officer, director, investor, or employee of VidAngel."

9

2. "Documents sufficient to show Harmon Ventures' ownership interest in VidAngel."
3. "Documents sufficient to show Harmon Ventures' ownership interest in Harmon Brothers LLC."
4. "Documents sufficient to show Harmon Ventures' total revenue, on a monthly and annual basis, derived from any and all sources."
5. "Documents sufficient to show the percentage of Harmon Ventures' total revenue, on a monthly basis, derived from services rendered to VidAngel."
6. "Documents sufficient to show any and all transfers of value (whether monetary, stock or other source of value) (to or from) Harmon Ventures and VidAngel."
7. "Documents sufficient to show any and all transfers of value (whether monetary, stock or other source of value) between (to or from) Harmon Ventures and Harmon Brothers LLC."
8. "Documents sufficient to show the total payments or any other form of compensation (on a monthly basis) made by Harmon Ventures to any of the following persons: Neal Hamon, Jeffrey Harmon; any relative of Neal or Jeffrey Harmon; any entity owned in whole or in part by Neal or Jeffrey Harmon; and/or any officer, director, investor or employee of VidAngel."
9. All documents or communications related to any payments or investments you have made to VidAngel or expenditures you have made on VidAngel's behalf."

(ECF No. 20-1 at 7–8.)

In their Motion to Compel, Petitioners allege that Harmon Ventures, LLC "is the largest shareholder in VidAngel" and allege that it "is owned and controlled by VidAngel's co-founders

Neal and Jeff Harmon." (ECF No. 5 at 2.) Petitioners argue that the documents they have requested "are relevant to a statutory damages analysis, which accounts for the 'expenses saved and the profits reaped' by VidAngel." (ECF No. 5 at 2 (quoting *Product Partners, LLC v. Aucoin*, No. 09-7504, 2011 WL 13190160).)

In Opposition, Harmon Ventures, LLC argues that Petitioners' "requests have nothing to do with the price of tea in China and even less to do with the determination of statutory damages." (ECF No. 13 at 3.) But Harmon Ventures acknowledges that "[i]t has partial common ownership with VidAngel in that through Harmon Ventures Neal and Jeff Harmon own less than 20% of VidAngel." (ECF No. 13 at 2.)

In reply, Petitioners argue that their "requests with respect to the ownership interests in HV, as well as HV's ownership in VidAngel, relate to the 'profits reaped' by VidAngel" and argue that "by determining the distributions made to VidAngel members and referencing the members' respective ownership interests, Plaintiffs will be able to gauge the profits VidAngel reaped." (ECF No. 20 at 2.) Petitioners further argue that "the expenditures and investments HV made on behalf of VidAngel provide further insight as to the profitability of VidAngel." (ECF No. 20 at 3.) Petitioners also argue that the transfers between Harmon Ventures, LLC and VidAngel will provide insight "regarding the ultimate profits reaped by VidAngel," in part, because Harmon Ventures is a holding company through which VidAngel co-founders own their interest in VidAngel. (*See* ECF No. 20 at 3.)

The court agrees with Petitioners that the documents they seek are relevant to their statutory damage analysis. The court grants Petitioners' Motion (ECF No. 5) in part. The court orders Harmon Ventures to provide all documents responsive to the January 23, 2019 subpoena

with the following limitation—because Petitioners' Motion to Compel Harmon Brothers' Response is still pending, Harmon Ventures need not disclose documents that relate to Harmon Brothers at this time.

Order

The court orders the following:

I. The court GRANTS Petitioners' Motion (ECF No. 2) in part. The court orders Mr. Wright to produce all documents that are responsive to the subpoena issued on January 23, 2019 with one limitation—Mr. Wright need not produce any document that is publicly available "by virtue of VidAngel's SEC filings and disclosures made to the Utah Bankruptcy Court." (ECF No. 11 at 2.). Mr. Wright shall produce all responsive documents on or before March 9, 2019 at 11:59 p.m.

II. The court a GRANTS Petitioners' Motion, (ECF No. 3). The court orders Mr. Aho to produce all documents that are responsive to the January 23, 2019 subpoena's requests for production Nos. 2, 3, 4, and 5. (*See* ECF No. 17-1 at 7.) Mr. Aho need not respond to the first request for production relating to his communication with Harmon Brothers at this time, however. Mr. Aho shall produce all responsive documents on or before March 8, 2019 at 11:59 p.m.

III. The court GRANTS Petitioners' Motion, (ECF No. 4) in part. The court orders Mr. Ahlstrom to produce all documents that are responsive to the subpoena issued on January 23, 2019 with one limitation—Mr. Ahlstrom need not produce any document that is publicly available "by virtue of VidAngel's SEC filings and disclosures made

to the Utah Bankruptcy Court." (ECF No. 11 at 2.) Mr. Ahlstrom shall produce all responsive documents on or before March 9, 2019 at 11:59 p.m.

IV. The court GRANTS Petitioners' Motion, (ECF No. 5) in part. The court orders Harmon Ventures to provide all documents responsive to the January 23, 2019 subpoena with the following limitation—because Petitioners' Motion to Compel Harmon Brothers' response is still pending, Harmon Ventures need not disclose documents that relate to Harmon Brothers at this time. Harmon Ventures, LLC shall produce all responsive documents on or before March 9, 2019 at 11:59 p.m.

DATED this 7th day of March, 2019

BY THE COURT:

_____

Clark Waddoups
United States District Judge